IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–03041–CMA–KMT

FD TRUST, and
FLOYD DUBEY, Trustee

      Plaintiffs,

v.

TRUDY KAREUS, SED, and
PAUL WHITE,

      Defendants.

---

# ORDER

---

This case comes before the court on "Defendants' Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)" (Doc. No. 5, filed January 3, 2013). Plaintiffs did not file a response. The motion is ripe for review and ruling.

Defendants move the court to order the plaintiff to file an amended complaint containing factual allegations sufficient to identify the nature of the claim and the factual basis for bringing the claim against the defendants. (*See* Mot.)

## BACKGROUND

Defendant Kareus is the State Executive Director of the United States Department of Agriculture Farm Service Agency ("Agency"), an agency of the federal government. (Mot. at 1.) Defendant White is an employee of the Agency. (*Id.*) Defendants Kareus and White were

named as defendants in Case Number 12 S 6, originally filed in the Combined Court of Dolores County, Colorado, as a small claims action. (*See* Doc. 1-1.) The complaint appears to assert a type of contract claim against Defendants Kareus and White because of actions they took in their capacities as employees of the Agency. (*See id.*) The caption of the case specifically describes Defendant Kareus as the "SED," acknowledging her position as the State Executive Director of the Agency. Plaintiffs seek $100.00 and the "dismiss[al] of all charges, fine, interest, and prove [sic] there was a legal contract." (*Id.*) There are no other allegations in the complaint. Defendants removed this pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

## ANALYSIS

As the plaintiffs are not attorneys, their pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

Fed. R. Civ. P. 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion pursuant to Rule 12(e) is generally disfavored by the Court. *Daley v. Reg'l Transp. Dist.*, 142 F.R.D. 481, 485 n.3 (D. Colo. 1992). As such, it is rarely granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible" or defendant would be prejudiced in its attempt to answer it. *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testings, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (citation omitted).

Rule 12(e) must be read in conjunction with Rule 8, which establishes the general rules or guidelines for pleadings. 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1377 at 618 (1990). The twin purposes of a complaint are to give the opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiffs' claim is stated so vaguely that Defendants cannot prepare a meaningful response to it. It appears Plaintiffs attempt to assert a breach of contract claim, but even this is unclear. The complaint does not identify the "contract" to which it refers, nor does it set forth any of the specific terms of the contract or describe the "charges, fine, interest" apparently associated with that contract. The complaint does not describe any specific actions taken by either Defendant with regard to Plaintiffs or the unidentified contract. It is unclear whether the

claim is brought against Defendants in their official capacities as FSA employees, or whether Plaintiffs intend to assert some type of individual capacity claim against Defendants.

It is also impossible to discern from the sparse allegations whether the claim Plaintiffs attempt to plead may be subject to administrative review by the Agency and, if so, whether Plaintiffs have complied with the requirement to exhaust all applicable administrative remedies. A more clear description of the claim may reveal the case to be one subject to judicial review under the Administrative Procedure Act for which the Agency would be required to prepare an administrative record.

Without this critical missing information, Defendants are prevented from raising all defenses to which they are likely to be entitled, including any defense that could be dispositive of this action. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (observing that a more definite statement is "the preferable procedure" when additional information could support a dispositive defense motion) (citing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 at 336 (3d ed. 2004)).

Therefore, it is

**ORDERED** that "Defendants' Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)" (Doc. No. 5) is **GRANTED**. It is further

**ORDERED** that Plaintiffs shall file, **on or before February 19, 2013**, an Amended Complaint that complies with this Order and the pleading requirements of Rule 8. Plaintiffs are reminded that it is their responsibility to present their claims in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to

those claims. If Plaintiffs fail within the time allowed to file an Amended Complaint, as directed, this court will recommend that this action be dismissed without further notice.

**ORDERED** that the Clerk of the Court mail to Plaintiffs, together with a copy of this Order, two copies of the Court-approved form for filing a Complaint.[1]  It is further

**ORDERED** that the Scheduling Conference and other deadlines set in the Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting (Doc. No. 7) are **VACATED**.

Dated this 29th day of January, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

---

[1] Plaintiffs' Complaint is deficient because they have not used the Court-approved Complaint form that *pro se* litigants are required to use.  Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court to file an action."  Therefore, Plaintiffsare ordered to file an Amended Complaint and submit their claims on the Court-approved Complaint form.