IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–03041–CMA–KMT

FD TRUST, and
FLOYD DUBEY, Trustee

     Plaintiffs,

v.

TRUDY KAREUS, SED, and
PAUL WHITE,

     Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court *sua sponte* on review of the docket and Plaintiffs' failure to respond to this court's Order to amend their Complaint.

On November 19, 2012, Defendants removed this case to this Court from the Combined Court of Dolores County, Colorado. (*See* Doc. No. 1.) Defendant Kareus is the State Executive Director of the United States Department of Agriculture Farm Service Agency ("Agency"), an agency of the federal government. (*See* Doc. No. 5 at 1.) Defendant White is an employee of the Agency. (*Id.*) Defendants Kareus and White were named as defendants in Case Number 12 S 6, originally filed in the Combined Court of Dolores County, Colorado, as a small claims action. (*See* Doc. 1-1.) The complaint appears to assert a type of contract claim against Defendants Kareus and White because of actions they took in their capacities as employees of the Agency.

(*See id.*) The caption of the case specifically describes Defendant Kareus as the "SED," acknowledging her position as the State Executive Director of the Agency. Plaintiffs seek $100.00 and the "dismiss[al] of all charges, fine, interest, and prove [sic] there was a legal contract." (*Id.*) There are no other allegations in the complaint. Defendants removed this pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

On January 3, 2013, Defendants filed a "Defendants' Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)" (Doc. No. 5). This court granted the motion for more definite statement and ordered the Plaintiffs to file, on or before February 19, 2013, an Amended Complaint. (Doc. No. 8.) In its Order, this court advised Plaintiffs that their Complaint was deficient because Plaintiffs did not use the Court-approved Complaint form that *pro se* litigants are required to use under Rule 8.1A of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil. (*Id.*) Pursuant to Local Rule 8.1A., "[a] *pro se* party shall use the forms established by this court to file an action." The court further advised Plaintiffs that their Complaint did not comply with the pleading requirements of Fed. R. Civ. P. 8. (*Id.*) The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiffs are entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain

(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The court found that Plaintiffs' claim is stated so vaguely that Defendants cannot prepare a meaningful response to it. In their complaint, it appears Plaintiffs attempt to assert a breach of contract claim, but even this is unclear. The complaint does not identify the "contract" to which it refers, nor does it set forth any of the specific terms of the contract or describe the "charges, fine, interest" apparently associated with that contract. The complaint does not describe any specific actions taken by either Defendant with regard to Plaintiffs or the unidentified contract. It is unclear whether the claim is brought against Defendants in their official capacities as FSA employees, or whether Plaintiffs intend to assert some type of individual capacity claim against Defendants.

The court also noted it is also impossible to discern from the sparse allegations whether the claim Plaintiffs attempt to plead may be subject to administrative review by the Agency and, if so, whether Plaintiffs have complied with the requirement to exhaust all applicable administrative remedies. A more clear description of the claim may reveal the case to be one subject to judicial review under the Administrative Procedure Act for which the Agency would be required to prepare an administrative record.

Thus, the court determined without this critical missing information, Defendants are prevented from raising all defenses to which they are likely to be entitled, including any defense that could be dispositive of this action. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (observing that a more definite statement is "the preferable procedure" when additional information could support a dispositive defense motion) (citing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 at 336 (3d ed. 2004)).

As such, the court ordered Plaintiffs to file, on or before February 19, 2013, an amended complaint complying with Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil and complying with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (Doc. No. 8.) The Clerk of the Court provided Plaintiffs, along with a copy of the court's Order, two copies of the Court-approved form for filing a Complaint. This court advised Plaintiffs that if they failed to file an Amended Complaint, as directed, this court would recommend that this action be dismissed without further notice. (*Id.*)

Plaintiffs have failed to file an amended complaint in this matter. Plaintiffs' Complaint runs afoul of Local Rule 8.1A. and Fed. R. Civ. P. 8. Plaintiffs have failed to cure these deficiencies, despite being given more adequate opportunity to do so. A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiffs' Complaint be dismissed, without prejudice, for failure to comply with Local Rule 8.1A. and Fed. R. Civ. P. 8.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 27th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge